UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.                     CASE NO.: 00-6047-CR-HUCK

ERNEST ARCHIE,

                     Magistrate Judge Brown

    Defendant.

_____/

## MOTION FOR JUDGMENT OF ACQUITTAL
## AS TO COUNTS I AND II

    COMES NOW the Defendant ERNEST ARCHIE by and through his undersigned counsel and moves this Court pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure makes and renews his motion for Judgment of Acquittal as to Counts I and II and as grounds therefore states as follows:

    1. That during the trial of the above styled matter, the Defendant made a timely motion for judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure at the close of the government's case in chief on the grounds that one or more of the offenses charged had insufficient evidence produced at trial (when viewed in the light most favorable to the government) to sustain a conviction for each of the four offenses charged against this Defendant.

    2. As this Court will recall, the motions were made individually and jointly as to common counts, to wit, Count I - Conspiracy to Import Narcotics and Count II - Conspiracy to Possess with the Intent to Distribute Narcotics

1

3. The Court permitted each defense counsel in turn to address their individual clients position regarding the substantive charges they individually faced.

4. The specific Rule 29 arguments as to ERNEST ARCHIE were timely made. Originally all motions were denied by the Court orally except for the importation charges which this court reserved ruling on and subsequently denied.

5. That at the close of the entire case, the Defendants, individually and collectively, timely renewed said motions on their behalf.

6. That all previously mentioned motions for judgment of acquittal were denied as to this Defendant.

7. After two and one half days of jury deliberations, on Monday, June 18, 2001 this Defendant was acquitted by the jury of Counts 13 and Count 14 which were the two substantive counts pertaining to all of the conduct of this Defendant regarding the alleged May 24, 1997 importation of marijuana. As with all defendants, the jury was unable to reach a verdict as to Count I (importation conspiracy) and Count II (PWID conspiracy).

8. That pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, the Defendant is permitted to renew his motion for judgment of acquittal within seven (7) days of the jury's adverse verdict or after the jury is unable to decide on a verdict. After the verdict, this Court gave all of the remaining Defendants an additional seven days to file motions thereby allowing the filing until Monday, July 2, 1998 to file post trial motions.

9. That the evidence presented by the government during the trial of the

2

Defendant was such that it was insufficient to sustain any future conviction of ERNEST ARCHIE as to those counts when viewed in the light most favorable to the government.

10. That the evidence elicited at trial was such that a subsequent reasonable trier of fact could not find that the evidence established guilt beyond a reasonable doubt as to ERNEST ARCHIE.

## **STATEMENT OF THE CASE TO DATE**

On February 29, 2000, a grand jury sitting in Ft. Lauderdale, Florida returned an indictment in the instant case. This Defendant was charged in four counts of the 14 count indictment. The primary charges against this Defendant, as outlined in Counts 13 and 14, were his purported involvement in the alleged importation of approximately 3,000 pounds of marijuana on May 24, 1997through Port Everglades, Florida. Due to his alleged role in this importation, the government also charged him in the much larger overall conspiracies contained in Counts I and II.

Though these larger conspiracies dealt with a time frame from 1995 through and including the date of the return of the indictment, there was no evidence adduced during the trial that the defendant had any other involvement in the importation and/or possession of any drugs on any other occasion other than the May 24, 1997purported marijuana incident.

In October 2000, in light of the United States Supreme Court's opinion in Apprendi vs. New Jersey, 120 S.Ct. 2348 (2000), the grand jury returned a superseding indictment. The charges remained the same, however, the dates of the conspiracy were enlarged and threshold quantities were included. Individually,

3

ERNEST ARCHIE was charged with the same two conspiracy counts and the same two substantive counts.

On June 5, 2001, trial commenced. After almost seven days of trial, on June 13, 2001 the Government rested their case in chief. On June 13, 2001, the Court entertained motion pursuant to Fed. R. Crim. P. 29. After each of the defendants put on no case, the Rule 29 motions were timely renewed. These motions were denied and finally, on June 14, 2001the case was submitted to the jury for their consideration.

Deliberations continued at a steady and pace. After two and one half days of deliberations, the jury announced that they had arrived at partial verdicts and were hopelessly deadlocked on the remainder.

As to ERNEST ARCHIE the verdict returned by the jury was as follows:

COUNT I - Conspiracy to Import Narcotics - No Verdict

COUNT II - Conspiracy to Possess Narcotics - No Verdict

COUNT 13 - May 24, 1997 Marijuana Importation - **NOT GUILTY**

COUNT 14 - May 24, 1997 Marijuana Possession - **NOT GUILTY**

It should be noted that the jury did not reach a verdict as to all defendants as to Counts I and II which are now the sole remaining charges against ERNEST ARCHIE.

<u>MEMORANDUM OF LAW</u>

Whether the record contains sufficient evidence to support the jury's verdict, the evidence is viewed in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor. <u>Glasser vs. United States</u>, 315 U.S. 60, 80, 62 S.Ct. 457, 469 (1942), <u>United States vs. Waymer</u>, 55 F.3d

4

564, 570 (11th Cir. 1995), <u>United States vs. Harris,</u> 20 F.3d 445, 452 (11th Cir. 1994)

In deciding a post trial rule 29 motion for judgment of acquittal a district court must determine whether, viewing all the evidence in the light most favorable to the government, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. See <u>United States vs. Carter</u> 760 F.2d 1568, 1582 (11th Cir. 1985) <u>United States vs. Payne</u> 750 F.2d 844, 855-6 (11th Cir. 1985) <u>United States vs. Gutierrez</u> 931 F.2d 1482, 1488 (11th Cir. 1991); <u>United States vs. Van Hemelryck</u> 945 F.2d 1493, 1499 (11th Cir. 1991); and <u>United States vs. Grigsby,</u> 111 F.3d 806 (11th Cir. 1997)    The verdict must stand if there is substantial evidence to support it, that is "unless no trier of fact could have found guilt beyond a reasonable doubt." <u>United States vs. Battle,</u> 892 F.2d 992, 998 (11th Cir. 1990)

It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt . . . (as a) jury is free to choose among reasonable constructions of the evidence. <u>United States vs. Bell,</u> 678 F.2d 547, 549 (5th Cir. Unit B 1982)(en banc) aff'd on other grounds 462 U.S. 356, 103 S.Ct. 2398 (11th Cir. 1990).

A conviction should be reversed on the grounds of insufficient evidence only if no reasonable jury could find proof beyond a reasonable doubt. <u>United States vs. Thomas,</u> 8 F.3d 1552, 1556 (11th. Cir. 1993), <u>United States vs. Ramsdale,</u> 61 F.3d 825, 828 (11th Cir. 1995).

In the instant case, the jury was unable to reach a verdict on this Defendant on two separate conspiracy counts, to wit, conspiracy to possess with intent to distribute

SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949

cocaine and importation of cocaine. In order to support the conviction for conspiracy, the government must prove that two or more persons agreed to commit a crime, that the defendant knew of the conspiratorial goal, and that he voluntarily participated in helping to accomplish that goal. United States vs. Thomas, supra at 1556; United States vs. Lopez-Ramirez, 68 F.3d 438, 440 (11th Cir. 1995).

Obviously the purely circumstantial nature of the case against this Defendant who, other than speculative mere presence, has no direct evidence against should cause grave concern. This Circuit has clearly held that "where the government's case is circumstantial, as it is here, reasonable inferences, not mere speculation, must support the jury's verdict." United States vs. Perez-Tosta, 36 F.3d 1152, 1557 (11th Cir. 1994).

When all reasonable inferences are drawn, the government's case must crumble under the aforementioned standard and this Court should enter an order acquitting the defendant.

As was argued at trial by the Government, this Defendant was the lease culpable of all the defendants in the case. Based to the evidence adduced at trial, this appeared to include those that went to trial in West Palm Beach and in a separate trial in Miami. The evidence on this Defendant, according to the government was based on his purported involvement in the removal of one load of marijuana and four telephone calls that the identity of the speakers was disputed. None of the telephone calls occurred before the purported importation except for one which was admitted under GX-17.

While the identity of that speaker (other than Cecil McCleod) was in dispute, the call pertained to a meeting that was allegedly held at the Amoco gas station just prior

6

to the accessing the container. While the testimony varied from 6-8 of the number of participants at the meeting, law enforcement surveiled only two black males, other than Cecil McCleod, in a white step van. These two black males were consistent with Jeffery Franklin, the owner of the van, and Vincent King who testified as to being the right front sear passenger.

In its verdict, the jury found this defendant not guilty of Counts 13 and 14. In addition to the substantive charges of importation and possession with the intent to distribute, the defendant stands acquitted of the charges of aiding and abetting both crimes under 18 U.S.C. §2. Therefore, it is impossible for the government to argue that, at a minimum that the defendant should stand acquitted of conspiracy to import in that the importation was complete when the marijuana reached its final destination which was a private residence later that morning. According to the evidence (in the light most favorable to the government) via its acquittals, the jury found that the defendant played no part in any episode at the port that evening. Therefore, this Court should find the defendant not guilty of conspiracy to import.

The remaining phone conversations are insufficient, in the light most favorable to the government, in that there is no confirmation of any of the activity that the government sought to prove against this defendant. Their cornerstone against this defendant was the purported action of the early morning hours of May 24, 1997. By standing acquitted of the substantive charges, this notion has been firmly rejected. What this Court must then look to is, the subsequent activity, if any, of the defendant.

Therefore, while the actions of the Defendant in a subsequent telephone call at

7

best may have placed him in a "climate of activity" that suggests something illegal, it is insufficient to show that Ernest Archie knew that the goal of this conspiracy as alleged within the indictment and that, with such knowledge, he voluntarily joined that conspiracy.    United States vs. Rosas-Fuentes, 970 F.2d 1379, 1382 (5th Cir. 1992)

## COLLATERAL ESTOPPEL

Clearly should the government seek to retry this Defendant on the two remaining counts, the Defendant contends that the government is collaterally estopped under the Double Jeopardy Clause of the Fifth Amendment from relitigating evidence of his possible involvement in the two conspiracies. If so, the Court should enter an acquittal on this ground.

The doctrine of collateral estoppel is included within the constitutional prohibition of double jeopardy. Ashe vs. Simpson, 397 U.S. 470 (1970).  Collateral estoppel bars a later prosecution only where a fact or issue necessarily determined in a defendant's favor in the former trial is an essential element of conviction at a second trial. United States vs. Brown, 983 F.2d 201 (11th Cir. 1993); United States vs. Kramer, 73 F.2d 1067 (11th Cir. 1996)

Based on United States vs. Garcia, 78 F.3d 1517 (11th Cir. 1996) this Court can find estoppel if it determines (1) whether it can ascertain the basis of the Defendants acquittal on the two substantive counts and (2) whether any element of the substantive counts were also an essential element of the conspiracy counts. See also United States vs. Gil, 142 F.3d 1398 (11th Cir. 1998); Fererc vs. Dugger, 867 F.2d 1301 (11th Cir. 1989).

8

In <u>Gil</u>, the court described a three-step inquiry which requires the defendant to demonstrate (1) that the issue in questions was actually raised and litigated in the prior proceeding; (2) that the determination was a critical and necessary part of the final judgment in the earlier litigation and (3) that the issue in the later proceeding is the same as involved in the prior action. See also <u>United States vs. Carter</u>, 60 F.3d 1532 (11th Cir. 1995); <u>United States vs. Farmer</u>, 923 F.2d 1557 (11th Cir. 1991).

Since the jury acquitted the Defendant of each and every relevant act of the conspiracy, a retrial on the remaining counts must be barred by estoppel. In their opening and closing arguments, the Government took great pains to show that this Defendant was involved minimally in the May 24, 1997 marijuana episode but had absolutely no involvement in the planning or discussion of any other attempted or successful importation during the life of the conspiracy.

In <u>United States vs. Gornto</u>, 792 F.2d 1028 (11th Cir. 1986) the defendant there was initially acquitted of certain substantive counts but there was a mistrial on the related conspiracy charges. Admitting testimony at the second trial relating to the substantive offenses violated the doctrine of collateral estoppel. It should be noted that the <u>Gornto</u> decision was came under attack and not followed in <u>United States vs. Shenberg</u>, 89 F.3d 1496 (11th Cir. 1996). However, it is the position of this Defendant that the holding in <u>Shenberg</u> regarding collateral estoppel is limited to the predicate acts of a RICO case where there was no interrogatory verdict on the predicate acts alleged other than quantity.

Fundamental fairness would dictate that where there is an acquittal as to the

9

substantive drug counts and as to all predicate conduct as alleged within the aiding and abetting charge and the charge itself, a retrial of the conspiracy charges, which requires identical proof should be barred.

### STATEMENT OF ADOPTION

Obviously, as permitted by the court both at trial and during the arguments at the Rule 29 hearing, the Defendant would readopt and reallege, as if more fully contained herein, all arguments contained therein that were common to all count based on Counts I and II.

Secondly, the Defendant would readopt and reallege as if more fully contained herein his individual Rule 29 argument made at trial both at the close of the Government's case in chief and at the close of all of the evidence.

Finally, where applicable, the Defendant would seek to adopt any and all applicable arguments as made by co-counsel in support of their clients as it pertains to both Count I and II as if more fully contained herein without the necessity of filing a separate motion to adopt.

WHEREFORE, the Defendant ERNEST ARCHIE respectfully requests that this Court enter a Judgment of Acquittal as to Counts I and II of the indictment.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 30th day of June 2001 to: MICHAEL DITTOE, ESQUIRE, Assistant United States Attorney, 500 East Broward Boulevard, Suite #700, Ft. Lauderdale, Florida 33301 and to all counsel of record.

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Attorney for Defendant ARCHIE
Suite #328 - Southpark Centre
12651 South Dixie Highway
Miami, Florida 33156
Tel.: (305) 232-1949
Fax. : (305) 232-1963

By: PHILIP R. HOROWITZ, ESQUIRE
Florida Bar No.: 466857

11