UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6047-CR-HUCK(s)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JAMES BOOKER, et al.,

      Defendant.

_____/



FILED by _____ D.C.

SEP 0 6 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

## JURY INSTRUCTIONS

Members of the Jury:

    It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

    It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the indictment.

_____
PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

### Duty to Follow Instructions
### Presumption of Innocence

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider it in any way in your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

## Definition of Reasonable Doubt

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

### Consideration of the Evidence
### Direct and Circumstantial
### Argument of Counsel

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

**Impeachment**
**Inconsistent Statement and Felony Conviction**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

6

### Explanatory Instruction
### Transcript of Tape Recorded Conversation

As you have heard, several exhibits have been identified as a typewritten transcript of the oral conversation that can be heard on the tape recordings received in evidence. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording and also to aid you in identifying the speakers.

However, you are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

## Accomplice

## Plea Agreement

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the Government called alleged unindicted co-conspirators with whom the Government has entered into plea agreements providing for the possibility of a lesser sentence than the witnesses would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a person has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

8

**Accomplice-Addictive
Drug-Immunity**

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a witness who was using addictive drugs during the time he or she testified about may have an impaired memory concerning the events that occurred during that time.  Also, a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

**Expert Witnesses**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

### Introduction to Offense Instructions

At this time I will explain the indictment which charges separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

Count one charges all the Defendants with conspiracy to import controlled substances into the United States.

Count two charges all the Defendants with conspiracy to possess controlled substances with the intent to distribute.

First, however, as to Counts 1 and ~~two~~ II, you will note that the Defendants are not charged in those Counts with committing a substantive offense; rather, they are charged with having conspired to do so.

## Controlled Substances

### (Conspiracy)

Title 21, United States Code, Sections 846 and 963 make it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Section 841(a)(1) and Section 952(a). Section 841(a)(1) makes it a crime for anyone to knowingly possess cocaine or marijuana with intent to distribute it. Section 952(a) makes it a crime for anyone to knowingly import cocaine or marijuana into the United States from some place outside the United States. All the defendants are charged in Count one with conspiracy to import controlled substances and all the defendants are charged with conspiracy to distribute controlled substances. Each conspiracy is a separate offense which must be considered separately.

So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is <u>not</u> necessary for the Government to prove that all of the people named in the indictment were members of the scheme, <u>or</u> that those who <u>were</u> members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that

12

the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is:

First:     That two or more persons in some way
           or   manner,   came   to   a   mutual
           understanding to try to accomplish a
           common and unlawful plan, as charged
           in the indictment; and

Second:    That  the  Defendant,  knowing  the
           unlawful   purpose   of   the   plan,
           willfully joined in it.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

13

If you find beyond a reasonable doubt that a defendant either conspired to import or conspired to distribute a controlled substance, then you must also determine whether the government has proved beyond a reasonable doubt that the mixture and substance containing a detectable amount of cocaine weighed more than five kilograms and whether the government has proved beyond a reasonable doubt that the mixture and substance containing a detectable amount of marijuana weighed more than 1000 kilograms of marijuana or more than 100 kilograms of marijuana.

## Multiple Conspiracies

You are further instructed, with regard to the alleged conspiracy offenses, that proof of several separate conspiracies is not proof of the two conspiracies charged in the indictment unless one of the several conspiracies which is proved is one of the two conspiracies which the indictment charges.

What you must do is determine whether the either of the conspiracies charged in the indictment existed between two or more conspirators. If you find that no such conspiracy existed, then you must acquit that Defendant of that charge. However, if you decide that such a conspiracy did exist, you must then determine who the members were of that particular conspiracy; and, if you should find that a particular Defendant was a member of some other conspiracy, not the one charged in the indictment, then you must acquit that Defendant.

In other words, to find a Defendant guilty you must unanimously find that such Defendant was a member of a conspiracy charged in the indictment and not a member of some other separate conspiracy not charged in the indictment.

15

## Controlled Substances
### (Possession with Intent to Distribute)

Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or offense for anyone to possess a "controlled substance" with intent to distribute it. The defendant James Booker is charged with this offense as set forth in the indictment.

Cocaine and marijuana are controlled substances within the meaning of the law.

A Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:    That the Defendant knowingly and willfully possessed the controlled substance as charged; and

Second:   That the Defendant possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

If you find beyond a reasonable doubt that the defendant is guilty of possession of cocaine with the intent to distribute it, then you must also determine whether the Government has proved beyond a reasonable doubt that the mixture and substance

16

containing a detectable amount of cocaine weighed five kilograms or more.

If you find beyond a reasonable doubt that a defendant is guilty of possession of marijuana with the intent to distribute it, then you must also determine whether the Government has proved beyond a reasonable doubt that the mixture and substance containing a detectable amount of marijuana weighed 1000 kilograms or more or weighed more than 100 kilograms.

## Controlled Substances
### (Importation)

Title 21, United States Code, Section 952(a), makes it a Federal crime or offense for anyone to knowingly import any controlled substance into the United States. The defendant James Booker is charged with this offense as set forth in the indictment.

Cocaine and marijuana are controlled substances within the meaning of the law.

A Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:      That the Defendant imported the controlled substance into the United States from a place outside thereof, as charged; and

Second:   That the Defendant did so knowingly and willfully.

To "import" a substance means to bring or transport that substance into the United States from some place outside the United States.

If you find beyond a reasonable doubt that the defendant is guilty of importing cocaine, then you must also determine whether the Government has proved beyond a reasonable doubt that the mixture and substance containing a detectable amount of cocaine weighed five kilograms or more.

If you find beyond a reasonable doubt that a defendant is guilty of importing marijuana, then you must also determine whether the Government has proved beyond a reasonable doubt that the

18

mixture and substance containing a detectable amount of marijuana weighed 1000 kilograms or more or weighed more than 100 kilograms.

## Possession

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who knowingly has direct physical control of something is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, that possession is sole. If two or more persons share possession, such possession is joint.

Whenever the word "possession" has been used in these instructions it includes constructive as well as actual possession, and also joint as well as sole possession.

## On or About-Knowingly-Willfully

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

## Aiding and Abetting (Agency)

### 18 USC § 2

As to the substantive offenses charged in Counts 3-11, the guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt

22

that the Defendant was a willful participant and not merely a knowing spectator.

### Note taking - Permitted

I see that some of you, from time-to-time, have been taking notes during the proceedings.

Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence; and, whether you take notes or not, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony was.

**Caution - Punishment**

**(Multiple Defendants - Multiple Counts)**

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. Also, the case of each Defendant should be considered separately and individually. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

### Duty to Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### Verdict

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.